Andre Joseph LAMOTHE,
Petitioner–Appellant,

v.

Nicholas CADEMARTORI,
Chief Probation Officer,
Respondent–Appellee.

No. 05–17424.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2007 *.

Filed May 23, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Steve M. DeFilippis, Esq., Picone & De-Filippis, San Jose, CA, for Petitioner–Appellant.

David M. Baskind, Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and MOSKOWITZ,** District Judge.

## MEMORANDUM ***

Appellant Andre Joseph Lamothe appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254, which challenged his conviction for: (1) infliction of corporal injury upon a cohabitant (count one); and (2) unauthorized use of tear gas (count three). We affirm.

Appellant made six claims in his petition for habeas corpus. However, the district court only granted a certificate of appealability on two issues. This Court previously granted in part Appellant's motion to expand the certificate of appealability and certified one additional issue (the trial court's denial of meaningful closing argument). Appellant's motion is denied as to

---

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

all other remaining uncertified issues. The certified issues are each addressed below.

■ First, Appellant claims that the state appellate court's failure to order a new trial, based on newly discovered evidence that the victim gave false testimony, violated his due process right to a fair trial. The newly discovered evidence consisted of a declaration which was relevant only to impeach the victim's credibility and was cumulative of other impeaching information in the record. The declaration does not directly relate to the events of the incident from which the two convicted counts stem. The declaration does not show that the prosecutor knowingly used false testimony at trial. *See Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). As such, no constitutional violation resulted from the denial of a new trial.

■ Second, Appellant argues that the trial court's exclusion of alleged conspiracy evidence violated his due process right to a fair trial and right to present a defense. The proffered testimony that Appellant attempted to introduce was hearsay evidence regarding the activities of an alleged co-conspirator of the victim, who was not himself before the court. The trial court reasonably determined that the hearsay exception for co-conspirator statements did not apply because there was not sufficient independent evidence of a conspiracy. In addition, the exclusion was not a constitutional violation because the evidence: (1) was not erroneously excluded; (2) had no independent indicia of reliability; and (3) was not critical to the defense. *See DePetris v. Kuykendall,* 239 F.3d 1057, 1062–63 (9th Cir.2001).

■ Third, Appellant claims that the trial court failed to follow established legal precedent in denying him an opportunity to make a meaningful closing argument.

The trial court did severely limit closing argument and it completely denied Appellant the opportunity to make any argument as to a number of counts. However, the court's limitation of closing argument to a count-by-count presentation was not an inappropriate exercise of discretion. *See Herring v. New York,* 422 U.S. 853, 862, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). Furthermore, within his closing presentation, Appellant was permitted to make a full argument as to count one, and could have presented any argument he felt was relevant to that issue. The trial court found Appellant guilty on count one before proceeding to count three, and Appellant's counsel did not object to this procedure. When the court proceeded to count three, it did limit argument consistent with its determination that there was no self-defense justification for the pepper spray attack. However, it had already afforded defense counsel a full opportunity to argue the self-defense issue on count one and, therefore, appropriately limited argument to only a "technical defense" based on the specifics of that penal code violation, such as the inapplicability of the statute to the particular type of pepper spray involved. This limitation did not violate Appellant's right to make a closing argument on the record before us.

Appellant was convicted of both counts one and three before argument even proceeded to the remaining unrelated counts. Accordingly, any denial of meaningful closing argument on the remaining counts was harmless, as it could not have affected the determination to convict on counts one and three. Therefore, the district court correctly held that Appellant was not entitled to habeas relief on this claim.

AFFIRMED.